PEORIA SUGAR REFINERY *v.* SUSQUEHANNA MUT. FIRE INS. Co.[1]

*(Circuit Court, E. D. Pennsylvania.* February 6, 1884.)

**1. FIRE INSURANCE—WAIVER OF EXPRESS PROVISIONS IN POLICY—CUSTOM.**

Waiver of an express provision in a policy of fire insurance cannot be proved by parol testimony showing that the general custom among insurance companies and brokers is otherwise than as stated in the provision, when there is another clause in the policy providing that there shall be no waiver, except by the authority of the company expressed in writing.

**2. SAME—PAROL EVIDENCE.**

But such a waiver can be proved by parol testimony showing the course of business of the company which issued the policy in its dealings with the broker who procured the policy.

**3. SAME—PAYMENT OF PREMIUMS—AGENCY.**

A policy of insurance on the plaintiff's factory provided that the company should not be liable "until the cash premium be actually paid to the company, or an agent of the company;" that any broker, or other person than the assured who had procured the policy, should be "deemed the agent of the assured, and not of the company;" that no person should be considered the agent of the company, unless he held the commission of the company; that there should be no waiver by the company of any term in the policy, except by express authority in writing. The insured, owning a large factory, placed their insurance in the hands of H. & Co., insurance brokers in New York; H. & Co. applied to B. & Co., insurance brokers in Jersey City, who obtained the policy and delivered it to H. & Co. B. & Co. had previously placed a few risks with the defendant, but was not, in fact, their agent. H. & Co. sent the premium to B. & Co., who kept it for several days, and until the property insured was burnt, when they sent it to the defendant, who refused to accept it. *Held,* that B. & Co. were not the agents of the company to receive payment of this premium for the company, and that the plaintiff could not recover.

*Sur* Motion to take off Compulsory Nonsuit.

This was an action of *assumpsit* on a policy of insurance for $1,500, dated August 25, 1881. At the trial, before BUTLER, J., November 13, 1883, the plaintiffs offered in evidence the policy, proved the total destruction of the property insured on October 27, 1881, and their compliance with all the requirements of the policy as to furnishing proofs of loss, etc. The policy contained the following clauses:

"(1) This company shall not be liable by virtue of this policy, or any renewal thereof, until the cash premium be actually paid to the company, or to an agent of the company.

"(2) If any broker, or other person than the assured, have procured this policy, or any renewal thereof, or any indorsement thereon, he shall be deemed to be the *agent of the assured,* and not of this company, in any transaction relating to the insurance.

"(3) Only such persons as shall hold the commission of this company shall be considered as its agents in any transactions relating to the insurance, or any renewal thereof, or the payment of premium to the company. Any other person shall be deemed to be the agent of the assured, and payment of the premium to such person shall be at the sole risk of the assured."

"(6) The use of general terms, nor anything less than a distinct agreement, clearly expressed and indorsed by this company on this policy, shall be construed to be a waiver of any printed or written term, condition, or restriction

1 Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

thereof, 1 or can any such printed or written term, condition, or restriction be waive l by any agent of this company, either before or after a loss, without special ai thority in writing from the company."

It appeared from the testimony that the insurance was negotiated by Hamlin & Co., of New York, through W. W. Buckley & Co., insurance brokers of Jersey City. The policy was received by Buckley & Co. f om the home office of the defendant company in the early part of September, 1881, and immediately sent to Hamlin & Co., who forwarded it at once to the plaintiff. The premium was received by Hamlin & Co. on October 1 or 2, 1881, from the plaintiff, and sent to Bucl ley & Co. on October 21, 1881, who sent a check for it to the defendant on October 29, 1881. Meantime, on October 27, 1881, the property insured had been totally destroyed by fire. · The defendant thereupon refused to accept the premium, and returned the check to Buckley & Co.

At the trial, after proving the facts as stated, the plaintiff offered to show by a member of the firm of Buckley & Co. the course of business between the witness' firm and the defendant, with a view of proving authority on the part of the witness' firm to accept payment of the premium for the defendant. This offer was admitted, and the witness testified in substance that, before this transaction took place, his firm had obtained many policies from the Susquehanna Fire Insurance Company, sent the applications, and the company returned the policies to them; and they had a common form of policy. He collected the premiums and forwarded them to the company, sometimes a day and sometimes a week or more after receiving them. The company never objected to their delivering policies without receiving premiums, and they never wrote to dun him for not sending delayed premiums. Plaintiffs then offered to show by the witness, as an expert in the insurance business, that it is the custom in that business, when carried on through brokers, to issue policies without requiring prepayment of the premium, and allowing the broker to remit in payment at stated or convenient intervals. Upon objection, the court refused the offer. The plaintiffs then closed, and the defendant moved for a nonsuit, which was granted, with leave to move to take it off.

*Walter George Smith* and *Francis Rawle*, for the motion.

Where the policy is delivered without requiring payment of the premium the presumption is that a credit is intended; and the rule is well settled where a credit is intended that the policy is valid, though the premium was not paid at the time the policy was delivered. *Miller* v. *Ins. Co.* 12 Wall. 303; *Behler* v. *Ins. Co.* 68 Ind. 347; *Boehen* v. *Ins. Co.* 35 N. Y. 134; *Eagan* v. *Ins. Co.* 10 W. Va. 583. A waiver of the payment of premium may be inferred from any circumstances fairly showing that the insurers did not intend to insist upon the prepayment of the premium as a condition precedent. *Equitable Ins. Co.* v. *McCrea*, 8 Lea, 541; *Heaton* v. *Manhattan Ins. Co.* 7 R. I. 502; *Hanley* v. *Life Ass'n*, 4 Mo. App. 253; *Goit* v.

*N. P. Ins. Co.* 25 Barb. 189; *Bodine* v. *Ins. Co.* 51 N. Y. 117; May, Ins. § 340. A condition may be waived by parol, although there is a clause in the policy saying that no condition can be waived except in writing. *Carson* v. *Ins. Co.* 43 N. J. Law, 300; S. C. 39 Amer. Rep. 584; *Ins. Co.* v. *Norton*, 96 U. S. 234; *Thompson* v. *Ins. Co.* 104 U. S. 252; *Phœnix Ins. Co.* v. *Doster*, 106 U. S. 35; S. C. 1 Sup. Ct. Rep. 18. There was sufficient evidence of waiver to give the case to the jury. *Coursin* v. *Penn. Ins. Co.* 46 Pa. St. 323; *Patterson* v. *Ins. Co.* 22 Pittsb. L. J. 205. The learned judge should have admitted plaintiff's offer to show that it was a general custom among insurance companies and brokers to issue policies without requring payment of premium, even when there is a clause of limitation similar to the one in this case. *Helme* v. *Phila. Life Ins. Co.* 61 Pa. St. 107; *Girard* v. *Mutual Life Ins. Co.* 86 Pa. St. 236; *Baxter* v. *Massasoit Ins. Co.* 13 Allen, 320; *Pino* v. *Merchants' Ins. Co.* 19 La. Ann. 214; *Union Cent. Ins. Co.* v. *Pottker*, 33 Ohio St. 459.

*Fleming & McCarrell, contra.*

This case is settled by *Pottsville M. I. Co.* v. *Min. Sp. Imp. Co.* 100 Pa. St. 137.

By THE COURT. The motion is refused.